FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 OCT 31 PM 2: 36
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT LEE DOE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CV 112-153 |
| | ) | |
| | ) | |
| CHARLIE NORWOOD - VETERANS | ) | |
| ADMINISTRATION MEDICAL CENTER | ) | |
| *(Downtown Division)*, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned medical malpractice case *pro se*. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I. **BACKGROUND**

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff, who states that he is 59 years old and legally blind, alleges that he was a patient in a medical facility in Augusta, Georgia operated by the Department of Veterans Affairs ("VA") on September 28,

2010. (Doc. no. 1, pp. 3-4.) Plaintiff alleges that, during the course of his treatment at the VA facility, he was "double medicated" with the steroid Prednisone, to which he is allergic, and that he was given the medication by a VA physician named Dr. Shoja-Taheri Jarika. (Id.) As a result of the medication, Plaintiff alleges that he now suffers from "intense itching" that awakens him on a nightly basis, that his body is covered with sores and marks, and that he takes Furosemide, a diuretic medication, on a daily basis in order to rid his body of the remnants of the Prednisone. (Id. at 4-5.) Plaintiff additionally alleges that the Furosemide causes him to frequently urinate, which further interrupts his sleep cycle and requires him to "make frequent stops" during transportation to "appointments or anywhere." (Id. at 4.) Finally, Plaintiff states, without further explanation, that the situation "has and is affecting [his] mental status." (Id. at 5.) In his request for relief, Plaintiff seeks monetary damages for pain and suffering and requests that Defendant pay for a doctor to resolve his medical issues.

## II. DISCUSSION

Although Plaintiff does not specify the legal authority for his complaint, the Court concludes that, since his claim concerns allegedly negligent medical treatment and is brought against the VA, a government agency, it is properly construed as asserting a medical malpractice claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 et seq. See Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1234-35 (11th Cir. 2002) (demonstrating that a claim of allegedly negligent medical treatment against the VA is properly asserted as a claim of medical malpractice under the FTCA). However, Plaintiff has failed to state a claim upon which relief may be granted under the FTCA.

The FTCA is a limited waiver of the federal government's sovereign immunity that

permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States. 28 U.S.C. §§ 1346(b)(1) & 2674. However, a prerequisite for bringing an FTCA claim in federal court is exhaustion of the claimant's administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993); Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983) ("Only those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States."). A federal court's subject matter jurisdiction over an FTCA claim is contingent upon the claimant's satisfaction of the FTCA's exhaustion requirements, which includes initially presenting the claim to the appropriate agency so that it has a chance to respond prior to facing a claim in federal court. Bush, 703 F.2d at 494.

Here, Plaintiff has not made any allegation suggesting that he has presented his claim to the appropriate federal agency prior to filing his complaint. The Court therefore lacks subject matter jurisdiction over his FTCA claim, and the complaint should accordingly be dismissed for failure to state a claim.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3